JOHN CONNER v. JOHN AND ELIZA HOLLAND.

(No. 2198.)

HUSBAND AND WIFE.— Rule of evidence.

APPEAL from Travis county. Opinion by WATTS, J.

STATEMENT.— This case was decided by the supreme court in 1877. The judgment was then reversed because the court below excluded the evidence of the wife of appellant offered in his behalf. At the same term a rehearing was granted, and the case is now before the court for disposition.

OPINION.— In the case of Gee v. Scott, 48 Tex., 510, it was held that the statute then in force removing the disabilities of parties as witnesses did not render the husband and wife competent as witnesses for or against each other. The ground for the exclusion of such evidence is not alone that of interest in the subject-matter of the litigation, but that public policy required its exclusion. We conclude that there was no error in excluding the evidence of the wife of appellant offered in his behalf. Of course, since the adoption of the Revised Statutes the rule is otherwise. Appellant claims the verdict of the jury is against the evidence. In support of that assertion it is urged that the evidence as to the payment of the notes by appellant in 1862 is so conclusive as to authorize this court in holding that the judgment is clearly wrong. This assumption is predicated upon the hypothesis that there is no evidence tending to repel that adduced by appellant as to his having paid the notes sued on to Bird Holland prior to his death. These notes were in the possession of Holland for more than two years after it is claimed that they had been paid. At his death they went into the possession of his executors and from thence to appellees.

The production of the notes and their introduction in evidence by the appellees, *prima facie* established appel-

lant's liability, and the burden was upon him to establish to the satisfaction of the jury the truth of his plea of payment.

From this it will be seen that the production of the notes by appellees entitled them to a verdict unless appellant established his defense of payment to the satisfaction of the jury by such evidence as they might deem credible and worthy of belief.

The circumstances developed by the evidence are not in harmony with the truth of the defense. It is claimed that payment was made in the spring of 1862, and was evidenced by a deed from Holland, then executed and delivered to appellant, and that a very short time thereafter, and before the deed could be proved up and recorded, it is claimed that this deed, among other papers, was stolen from appellant and that he never thereafter recovered it. Holland lived two years after this time, but no effort was made to get another deed or other writing that these notes had been paid. Holland, and his executors since his death, have held the notes and exercised such rights of ownership totally inconsistent with appellant's claim of right to the land or possession of the notes. Again, his declaration to the executor that he intended to sue to recover the land because the notes were usurious does not harmonize with the subsequent assertion that he had long before paid the notes and secured a conveyance of the land. As to the objection to the introduction of the notes sued on in evidence, it is a sufficient answer that the executors were acting under an independent will, and as such assigned or transferred the notes to appellees. This assignment vested in the appellees the legal title to the notes and authorized suit thereon in their names.

Besides, appellant was not thereby deprived of making any valid defense he might have against the notes and which he could have asserted had they remained in the hands of the executors.

JUDGMENT AFFIRMED.